IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.        1:11-cv-02514-MSK-CBS

MERLE A. FREY

       Plaintiff,

v.

DAVID W. TURNER
K&B TRANSPORTATION, INC.

       Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The Parties stipulate to the entry of a protective order to control and protect the dissemination of documents or information that may be provided in this Action through disclosures or discovery which information may contain trade secrets or other confidential research, development or commercial information or otherwise competitively sensitive confidential information.

IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed by a Party to this

      Action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, whether or not the document, material or information had been provided to other Parties before commencement of the Action or disclosed or provided in this Action before entry of this Protective Order. Any document, material or information that has been disclosed or provided in this Action in response to discovery requests prior to entry of this Protective Order is "Protected Information" pursuant to this Protective Order for 20 days after entry of this Protective Order after which date the previously disclosed or provided document, material or information will no longer be 'Protected Information" unless so designated pursuant to the provisions of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "Party" or "Parties" means the named Parties to this Action and includes, where applicable, a Parties' employees.

4. "Protected Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom -not made available to the public -and disclosed and designated by one of the Parties in the manner provided below as containing confidential information which if disclosed could significantly impact the parties' business or privacy interests and/or impact other cases in litigation involving various parties and/or non-parties.

5. "Disclosing Party" means the Party initially producing or subsequently disclosing Protected Information.

6. "Receiving Party" means the Party receiving the Protected Information.

7. Where Protected Information is disclosed, provided, or otherwise produced by a Party in response to any discovery request, the Disclosing Party or the Receiving Party may designate documents or information as "Protected" in the following manner:

   a. By imprinting the word "Protected" on the first page or cover of any document; or

   b. By imprinting the word "Protected" next to or above any response to a discovery request; or

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Protected" no later than ten (10) calendar days after receipt of the transcribed testimony; or

   d. In writing, by designating specific Bates Numbered pages of documents produced "Protected" or by otherwise identifying specific documents or information as "Protected;" or

   e. If the document or information was disclosed or provided in the Action before entry of this Protective Order, designating the previously provided documents or information as "Protected" on or after 20 days after the entry of this Protective Order.

8. All Protected Information disclosed by a Party shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this Action and not for any other purpose

            whatsoever;

      b.      It shall not be communicated or disclosed by any Party or a Party's counsel in any manner, either directly or indirectly, to anyone except for purposes of this Action and according to the procedure of Paragraphs 11 and 12 of this Order.

9.      Protected documents, materials, and/or information (collectively "Protected Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to the following Qualified Recipients:

      a.      The law firms representing the parties in this Action;

      b.      Persons regularly employed by or associated with the law firms representing the parties in this Action;

      c.      Parties including Party's employees;

      d.      Expert witnesses and consultants and their employees retained by the Parties to assist with this Action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      e.      The Court and its employees ("Court Personnel");

      f.      Stenographic reporters and videographers retained by the Parties in this Action;

      g.      Deponents and witnesses during the course of testimony in this Action;

      h.      potential witnesses in this Action, but only such Protected Information as is relevant and material to the potential testimony of the witness;

      i.      The Parties insurance carriers and their employees;

      j.      Other persons by written agreement of the Parties.

10. Individuals authorized to review Protected Information pursuant to this Protective Order shall hold Protected Information in confidence and shall not divulge the Protected Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

11. Prior to disclosing any Protected Information to any person listed above (other than counsel for the Parties, persons employed by counsel, the Parties themselves, Court Personnel and stenographic reporters and videographers), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached at Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions

12. The Party who is disclosing Protected Information shall obtain and retain the original acknowledgments signed by Qualified Recipients of the Protected Information, and shall maintain a list of all persons to whom any Protected Information is disclosed.

13. During the pendency of this Action, any Party may, upon court order or agreement of the Parties, inspect the list maintained by counsel pursuant to Paragraph 12 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Protected Information where a Party is unable otherwise to identify the source of the disclosure. If disagreement exists among the Parties regarding the showing of substantial need, then a Party may seek a court order requiring inspection of the list under terms and conditions deemed appropriate by the Court.

14. Within 90 days after the conclusion of this Action, whether by final judgment, including

       any appeals, or settlement, all Parties receiving and/or disclosing Protected Information under the terms of this Protective Order shall provide the original Disclosing Party with written certification that all copies of the Protected Information have been destroyed by the Receiving Party and any Qualified Recipients. No copies of Protected Information shall be made except by or on behalf of Parties to this Action and such copies shall be made and used solely for purposes of this Action.

15. If the Receiving Party objects to the designation of certain information as Protected Information, he or she shall promptly inform the other Parties counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal and expedited basis, attempt to resolve such dispute. If after such good faith attempt, counsel are unable to resolve their dispute, the Receiving Party may move for a disclosure order consistent with this Order. During the pendency of any motion for disclosure, the information shall continue to have Protected Information status from the time it is produced until the ruling by the Court on the motion.

16. Use of Protected Information in Court Proceedings: In the event Protected Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Protected Information and pleadings or briefs quoting or discussing Protected Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the

        Protected Information at issue is entitled to protection under applicable law.

17.    A Party's failure to object to documents or information as being designated "Protected" in this Action does not constitute a stipulation or admission that such documents or information were or are "confidential" for purposes of establishing any claim or defense in the Action, nor does such failure to object waive objections that may be asserted under the Federal Rules of Evidence at the trial of this Action.

18.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

19.    By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

20.    Nothing in this Protective Order shall preclude any Party from filing a motion seeking to remove or assert further or different protections from the Court under Rule 26(c ) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Protected Information shall be treated at trial.

DATED this   10th   day of February, 2012.

                                                BY THE COURT:

                                                s/Craig B. Shaffer
                                                Magistrate Judge Craig B. Shaffer

STIPULATED:

_____
Lance M. Sears
SEARS & SWANSON, P.C.
2 North Cascade Ave., Ste. 1250
Colorado Springs, CO 80903
Attorneys for Plaintiff


_____
John W. Walker, Esq.
Michael Pattinson, Esq.
WALKER & PATTINSON
1208 Alturas Drive
P.O. Box 8447
Moscow, ID 83843
Attorneys for Plaintiff


_____
Stephen Baity, Esq.
Daniel Bristol, Esq.
GODIN & BAITY, LLC
1050 17th Street, Suite 1610
Denver, CO 80265
Attorneys for Defendants

8